IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JARMAN GRAY,

                                        CIVIL ACTION NO.

PLAINTIFF,

                                        3:06cv316-SRW

V.

ALABAMA WINGS, LLC
d/b/a HOOTERS OF AUBURN,

DEFENDANT.                             JURY TRIAL DEMANDED

## AMENDED AND RESTATED COMPLAINT

### I.    JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202; 42 U.S.C. § 2000e *et seq.*  This suit is authorized and instituted pursuant to Title VII of Civil Rights Act of 1964, as amended (Title VII). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §2000e *et seq.* and pendent state claims, providing for injunctive and other relief against retaliation and related tort claims.

2.    Plaintiff timely filed the charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last

discriminatory act ("Exhibit A").  Plaintiff further filed this lawsuit within ninety (90)

days after receipt of the right-to-sue letter issued by the EEOC ("Exhibit B").

## II.    PARTIES

3.    Plaintiff, Jarman Gray, hereinafter "Plaintiff," is a citizen of the United

States, and a resident Lee County, Alabama.  Plaintiff was employed by Alabama

Wings, LLC, d/b/a Hooters of Auburn, at its Auburn, Lee County, Alabama location.

4.    Defendant, Alabama Wings, LLC d/b/a Hooters of Auburn, hereinafter

"Defendant," is a Corporation doing business in Alabama and is an entity subject to

suit under Title VII  known as the "Civil Rights Act of 1964."  Defendant employs at

least fifteen (15) persons.

## III.    STATEMENT OF FACTS

5.    Plaintiff was employed by the Defendant from June, 2004 until his

termination on February 8, 2005.

6.    Plaintiff began employment with Defendant as a kitchen employee and

was promoted to the position of Assistant Manager.

7.    Prior to each shift, management conducts a "jump-start" meeting

designated to inform the waitresses of drink specials, television programming, and

other responsibilities.  Cat Cosby (hereinafter referred to as "Cosby"), a visiting

training manager, and conducted four "jump-start" meetings on February 4, 2005.  She

informed the waitresses that "You are the ones with the pussys and you are in control because of that." Cosby continued to say, "If you need the extra money, go ahead and suck a d--k or f--k a customer if the money is right." Cosby repeated these offensive comments at three separate jump-start meetings.

8.    Plaintiff, as well as the waitress staff, was offended by Cosby's comments. The waitresses approached Plaintiff and asked if he could resolve this problem and correct Cosby's offensive behavior.

9.    On February 8, 2005, Plaintiff contacted the Hooter's of America corporate office and spoke with the head of the franchise division, Jeff Calloway. Plaintiff informed Calloway that a manager, Cosby, was making offensive comments. Calloway informed Plaintiff that he should discuss this problem with the owner of the franchise, and not the corporate office.

10.    When Plaintiff arrived at work on February 8, 2005, the franchise owner, Darrell Spikes, entered the restaurant and asked the Area Director and General Manager to come into the office. When John (LNU), the Area Director, left the meeting he approached Plaintiff and stated "bad stuff is going to happen."

11.    Spikes called Plaintiff into the manager's office and asked why he called Jeff Calloway. Plaintiff informed Spikes about Cosby's behavior and the potential for

sexual harassment problems. Spikes responded, "I'm top dog, you don't call corporate. You no longer have a job here."

12. Defendant violated Title VII by subjecting Plaintiff to illegal sexual harassment, including an adverse job action and a hostile working environment.

13. As a result of the illegal actions of the Defendant, Plaintiff has been damaged.

## IV.    COUNT ONE – RETALIATION (TITLE VII)

14. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 13 above with the same force and effect as if fully set out in specific detail below.

15. Plaintiff was terminated in retaliation for his complaints against Cat Cosby.

16. There was no legitimate reason for this adverse job action.

17. Defendant's conduct constitutes illegal retaliation pursuant to Title VII.

18. As a result of the illegal actions of Defendant, Plaintiff has suffered financially, physically and emotionally.

## V.    COUNT TWO – TORT OF OUTRAGE

19. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18 above with the same force and effect as if fully set out in specific detail below.

20. Cosby intentionally inflicted emotional distress upon Plaintiff, and the servers by subjecting them to abusive, harmful, and hurtful comments while Plaintiff and servers attempted to carry out their job duties.

21. Defendant authorized, ratified and/or condoned its agent's actions, resulting in a tort of outrage.

22. Plaintiff has been damaged as a result of Defendant's actions, suffering loss of pay and benefits, and mental anguish.

## VI.    COUNT THREE – NEGLIGENT SUPERVISON

23. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22 above with the same force and effect as if fully set out in specific detail below.

24. Defendant negligently and/or wantonly supervised Cosby, allowing her to commit the acts upon Plaintiff as complained of herein by its actions. Defendant allowed Cosby to sexually harass Plaintiff and the serving staff. Such conduct by Cosby could have been and should have been avoided by exercise of reasonable supervisory responsibility of Defendant.

25. Plaintiff has been damaged as a result of Defendant's actions, suffering loss of pay and benefits, and mental anguish.

## VII.   COUNT FOUR – NEGLIGENT RETENTION

26.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 above with the same force and effect as if fully set out in specific detail below.

27.     Defendant negligently and/or wantonly retained Cosby in its employment after Plaintiff's complaints of Cosby's inappropriate conduct.  Plaintiff's employment was unjustifiably terminated in retaliation for complaints against Cosby.  Upon information and belief, Cosby suffered no adverse job action by Defendant as a result of her inappropriate conduct.

28.     Plaintiff has been damaged as a result of Defendant's actions, suffering loss of pay and benefits, and mental anguish.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by Title VII of the Civil Rights Act of 1964, as amended, and pendent state claims.

B.      Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant's request from continuing to violate Title VII and pendent state claims.

C.      Enter an Order requiring Defendant to make Plaintiff whole by awarding her front-pay, back pay (plus interest) compensatory, punitive damages and/or nominal damages, injunctive and declaratory relief, and benefits.

Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

/s/ David R. Arendall

_____

DAVID R. ARENDALL

/s/ Allen D. Arnold

_____

ALLEN D. ARNOLD

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, Alabama 35203
205.252.1550 – Office
205.252.1556 – Facsimile

## PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

/s/ David R. Arendall

_____

OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2006, I filed a copy of the above and foregoing with the Clerk of this Court using the CM/ECF filing system.

I further certify that on April 27, 2006, I forwarded a copy of the foregoing to the Defendant by U. S. Mail, properly addressed and postage prepaid to:

Alabama Wings, LLC d/b/a Hooters of Auburn
c/o The Corporation Company
Registered Agent
2000 Interstate Park Drive, Suite 204
Montgomery, AL  36109

/s/ David R. Arendall

_____

Of Counsel