IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **Jarman Gray**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. **3:06-cv-00316-WKW** |
| | ) |
| | ) |
| **Alabama Wings, LLC**, | ) |
| | ) |
| Defendant. | ) |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

NOW COMES Alabama Wings, LLC, a Georgia limited liability company, by and through its undersigned counsel, and submits its first responsive pleading in the above-captioned matter. In support whereof, it is shown as follows:

1.  The allegations of Plaintiff set forth in Paragraph 1 of the Amended and Restated Complaint (Doc. #6) are conclusions or arguments of law rather than allegations of fact and do not require a response from Plaintiff.

2.  The allegations of Plaintiff set forth in Paragraph 2 of the Amended and Restated Complaint

1

   are denied as to the filing of the charge of discrimination with the EEOC in a timely manner, but are admitted as to the filing of this action within 90 days after receipt of the right-to-sue letter from the EEOC.

3. The allegations of Plaintiff set forth in Paragraph 3 of the Amended and Restated Complaint are admitted only to the extent that Plaintiff Jarman Gray ("Gray") was an employee of Defendant Alabama Wings, LLC ("AW"). The rest and remainder of the allegations set forth in the Paragraph are neither admitted nor denied for the reason that AW has no knowledge thereof, but demands strict proof thereof.

4. The allegations of Plaintiff set forth in Paragraph 4 of the Amended and Restated Complaint are admitted, with the exception that AW is a Georgia limited liability company which is qualified to transact business in the State of Alabama.

5. The allegations of Plaintiff set forth in Paragraph 5 of the Amended and Restated Complaint are denied with respect to the characterization of Gray's cessation of employment by AW as a "termination" for the reason that the same is not true.

6. The allegations of Plaintiff set forth in Paragraph 6 of the Amended and Restated Complaint

are admitted with the exception of the allegation that Gray was promoted to the position of Assistant Manager, which is denied for the reason that the same is not true.

7. The allegations of Plaintiff set forth in Paragraph 7 of the Amended and Restated Complaint are admitted only to the extent that meetings of certain employees are held before each shift. The rest and remainder of the allegations made in this Paragraph are denied for the reason that the same are not true.

8. The allegations of Plaintiff set forth in Paragraph 8 of the Amended and Restated Complaint are neither admitted nor denied for the reason that AW has no knowledge thereof.

9. The allegations of Plaintiff set forth in Paragraph 9 of the Amended and Restated Complaint are admitted only to the extent that there was a telephone conversation between Gray and Jeff Calloway. The rest and remainder of the allegations made in this Paragraph are neither admitted nor denied for the reason that AW has no knowledge thereof.

10. The allegations of Plaintiff set forth in Paragraph 10 of the Amended and Restated Complaint are admitted only to the extent that Darrell Spikes met with John Wilson, the Area Manager, and the General Manager. The rest and remainder of the allegations made in this Paragraph

are denied for the reason that the same are not true.

11.  The allegations of Plaintiff set forth in Paragraph 11 of the Amended and Restated Complaint are admitted only to the extent that Darrell Spikes had a meeting with Gray on the date alleged. The rest and remainder of the allegations made in this Paragraph are denied for the reason that the same are not true.

12.  The allegations of Plaintiff set forth in Paragraph 12 of the Amended and Restated Complaint are denied for the reason that the same are not true.

13.  The allegations of Plaintiff set forth in Paragraph 13 of the Amended and Restated Complaint are denied for the reason that the same are not true.

14.  The responses of AW to the allegations in Paragraphs 1-13 of the Amended and Restated Complaint are hereby restated and incorporated herein by reference as if fully set forth.

15.  The allegations of Plaintiff set forth in Paragraph 15 of the Amended and Restated Complaint are denied for the reason that the same are not true.

16. The allegations of Plaintiff set forth in Paragraph 16 of the Amended and Restated Complaint are denied for the reason that the same are not true.

17. The allegations of Plaintiff set forth in Paragraph 17 of the Amended and Restated Complaint are denied for the reason that the same are not true.

18. The allegations of Plaintiff set forth in Paragraph 18 of the Amended and Restated Complaint are denied for the reason that the same are not true.

19. The responses of AW to the allegations in Paragraphs 1-18 of the Amended and Restated Complaint are hereby restated and incorporated herein by reference as if fully set forth.

20. The allegations of Plaintiff set forth in Paragraph 20 of the Amended and Restated Complaint are denied for the reason that the same are not true.

21. The allegations of Plaintiff set forth in Paragraph 21 of the Amended and Restated Complaint are denied for the reason that the same are not true.

22. The allegations of Plaintiff set forth in Paragraph 22 of the Amended and Restated Complaint

are denied for the reason that the same are not true.

23. The responses of AW to the allegations in Paragraphs 1-22 of the Amended and Restated Complaint are hereby restated and incorporated herein by reference as if fully set forth.

24. The allegations of Plaintiff set forth in Paragraph 24 of the Amended and Restated Complaint are denied for the reason that the same are not true.

25. The allegations of Plaintiff set forth in Paragraph 25 of the Amended and Restated Complaint are denied for the reason that the same are not true.

26. The responses of AW to the allegations in Paragraphs 1-25 of the Amended and Restated Complaint are hereby restated and incorporated herein by reference as if fully set forth.

27. The allegations of Plaintiff set forth in Paragraph 27 of the Amended and Restated Complaint are denied for the reason that the same are not true.

28. The allegations of Plaintiff set forth in Paragraph 28 of the Amended and Restated Complaint are denied for the reason that the same are not true.

## **AFFIRMATIVE DEFENSES**

A.     AW at all times exercised reasonable care to prevent and correct promptly any sexually harassing behavior by any of its employees.

B.     Gray unreasonably failed to take advantage of preventative and corrective opportunities provided by AW.

C.     Gray unreasonably failed to take steps to avoid harm or damage from the behavior complained of.

D.     No tangible employment action was taken against Gray by AW.

E.     Gray voluntarily ceased his employment at AW, in that Gray was offered reinstatement with no loss of pay or benefits within one hour of his meeting with Darrell Spikes on or about February 8, 2005, but refused to accept same.

F.     The injuries and damage to Gray were the result of actions taken by Gray, and were not caused by Gray being engaged in any protected activity.

G. The statements allegedly made by Cat Cosby were not sufficiently severe or pervasive to alter the conditions of employment of any AW employees and were not sufficient to cause actionable injury.

H. Gray was terminated because of his failure to follow company policy with respect to reporting alleged violations of company policies, or for other legitimate non-discriminatory reasons.

I. The statements allegedly made by Cat Cosby were not made to Gray or in Gray's presence and did not therefore adversely affect Gray's working environment, nor inflict any emotional distress upon him.

J. AW at all times material hereto made good-faith efforts to comply with Title VII and cannot be held liable for punitive damages.

K. Gray was not engaged in any protected activity for purposes of his Title VII retaliation claim.

L. Even if Gray was engaged in "protected activity", the same employment action would have been taken against Gray in the absence of such "protected activity."

M.  Gray is not a member of a protected class under Title VII.

N.  The actions by AW did not constitute conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in civilized society.

O.  Gray was contributorily negligent with respect to supervision and retention of AW employees, and such contributory negligence caused some or all of the injuries and damages complained of by Gray.

P.  Gray voluntarily assumed the risk of the injuries and damages which he allegedly suffered.

Q.  The underlying conduct of Cosby was not wrongful.

R.  AW exercised reasonable care, and due and proper diligence, in the supervision and retention of Cosby.

S.  AW did not have actual or constructive notice of the alleged underlying wrongful conduct of Cosby.

T.	Gray failed to inform AW of the statements and actions by Cosby which were allegedly wrongful.

U.	AW at all times material hereto used due care to avoid retention of employees whom AW knew to be unworthy, by habits, temperament, or nature, to deal with persons whom AW knew such employees would be in contact with during their employment.

V.	The imposition of punitive damages on AW would violate provisions of the U.S. Constitution which bar the taking of property without due process or just compensation.

W.	The imposition of punitive damages on AW in this proceeding would constitute a criminal punishment for acts which are not violations of criminal law, and would constitute a criminal penalty without the standards of proof and due process applicable to criminal trials.

X.	Grays complaint for equitable relief is barred by the doctrine of clean hands.

## COUNTERCLAIM

1. On or about February 5, 2005, and at all times material hereto, Gray was an employee of AW at Hooters Restaurant in Auburn, Alabama.

2. AW employed a number of individuals as "Hooter Girls" at its Auburn restaurant in accordance with detailed guidelines and standards.

3. AW had a valid business or contractual relationship with each of its employees, including the Hooter Girls.

4. Due to the expense and time involved in hiring and training Hooter Girls, and due to the importance of Hooter Girls to the reputation and financial success of the restaurant in Auburn, AW had a protectible interest in its business or contractual relationship with each of its Hooter Girls.

5. Gray had actual or constructive knowledge of the importance of AW's business or contractual relationship with each of its Hooter Girls.

6. On or about February 5, 2005, and for a period of time prior thereto which is unknown to AW, Gray was in a romantic relationship with Sarah Boetig who was a Hooter Girl assigned to tend bar in the Auburn restaurant operated by AW.

7. On or about February 5, 2005, Sarah Boetig received a reprimand from the Manager of the restaurant relating to her violation of the requirement to poor a customer's beer from the bottle into the glass.

8. Upon information and belief, Sarah Boetig communicated the fact of her reprimand to Gray.

9. On or about February 5 to February 8, 2005, Gray made numerous phone calls and other communications with Hooter Girls employed by AW for the purpose of inducing them to summarily quit and walk-off their jobs during their shifts at the Auburn restaurant on Tuesday, February 8, 2005.

10. Gray made intentional misrepresentations to said Hooter Girls concerning the statements of Cat Cosby in order to induce them to summarily quit their jobs in a way which Gray knew would cause maximum economic damage to AW.

12

11. Gray intended to cause serious economic injury and damage to AW through his aforesaid actions.

12. As a direct result of Gray's intentional interference with the business and contractual relationship between AW and its Hooter Girl employees at the Auburn restaurant, and in reliance upon the intentional misrepresentations made by Gray, approximately six (6) Hooter Girls summarily quit and walked off their jobs on February 8, 2005, during regular business hours.

13. The loss of these employees, which constituted more than 25% of AW's Hooter Girl employees in Auburn, caused substantial economic injury and damage to AW.

14. Gray's aforesaid actions were done with malice, spite, and wantonness with the intent to wrongfully cause damage to AW, and without any justification.

WHEREFORE, based upon all of the foregoing, Alabama Wings, LLC, prays unto this Honorable Court for:

A. Judgment of no cause on each and every claim made by Plaintiff;

B.    Judgment in favor of Alabama Wings, LLC, against Gray in an amount in excess of $100,000.00 for compensatory and economic damages, and in an amount determined by the proofs at trial for punitive damages;

C.    Judgment taxing against Gray the actual attorneys fees, costs, and expenses incurred by Alabama Wings, LLC, in this matter; and

D.    Such other and further relief as this Court deems appropriate in the premises.

**ALABAMA WINGS, LLC, DEMANDS A TRIAL BY STRUCK JURY AS TO ALL ISSUES WHICH ARE SO TRIABLE.**

Dated: May 4, 2006                              Respectfully submitted,

                                                                      /s/ Russell C. Balch
                                                                  Russell C. Balch (BAL025)
                                                                  AKRIDGE & BALCH, P.C.
                                                                  Attorneys for Alabama Wings, LLC
                                                                  730 N. Dean Road, Suite 300
                                                                  P.O. Drawer 3738
                                                                  Auburn, AL 36831-3738
                                                                  (334) 887-0884
                                                                  rbalch@akridgebalch.com

## CERTIFICATE OF SERVICE

The undersigned certifies that copies of the foregoing were served on the following on by the methods indicated on the date shown below:

__X__ Deposit of same in the U.S. Mail in envelopes, with prepaid first class postage affixed thereto, directed to their addresses as set forth below.

_____ Deposit of same in the mailbox(es) reserved for them in the office of the Circuit Clerk for Lee County, Alabama.

_____ Fax of same to the fax number indicated below, being the fax number furnished by said person(s) or firm(s), or listed in the current issue of the Alabama State Bar Member Directory.

__X__ Electronic mail of same to the email address indicated below, being the email address furnished by said person(s) or firm(s), or listed in the current issue of the Alabama State Bar Member Directory.

_____ Hand-delivery: ☐ Open Court    ☐ Via Courier

Date of Service: May 4, 2006

David R. Arendall, Esq.
ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, AL 35203-4108
Fax 205-252-1556
dra@arendalllaw.com

                          AKRIDGE & BALCH, P.C.


                          /s/ Russell C. Balch
                          Russell C. Balch
                          Attorney at Law