## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

JARMAN GRAY,

                                 CIVIL ACTION NO.

PLAINTIFF,

                                 3:06cv316-SRW

V.

ALABAMA WINGS, LLC
d/b/a HOOTERS OF AUBURN,

DEFENDANT.

### PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

COMES NOW the Plaintiff, Jarman Gray, by and through his counsel of record, for this Motion to Dismiss Defendant's counterclaim heretofore filed in this cause, Plaintiff states the following:

1.     Defendant filed its answer to Plaintiff's complaint as well as a counterclaim on May 4, 2006.

2.     The counterclaim appears to assert a tortious interference claim against Plaintiff.

1

3.      Defendant operates a Hooters Restaurant, which conducts the business of serving food to its patrons.  Hooters restaurants are known for employing primarily female servers.

4.      Defendant distributes a company handbook, which specifically states on page 3:

> "you should also understand that all employees are employees at will." The handbook goes on to state "in other words, your employment is not for any specific amount of time and may be terminated at any time, without notice or a specific reason(s) at the option of either the company or you.  No employment will status may not be changed or altered except through a written agreement signed by the president of Hooters."  (see attached Exhibit "A").

5.      "The tort of intentional interference with business or contractual relations, two acts or more, requires:  (1) the existence of a contract or business relation; (2) defendant's knowledge of the contract or business relation; (3) intentional interference by the defendant with a contract or business relation; (4) absence or justification with defendant's interference, and (5) damage to the [counterclaimant] as the result of defendant's interference." *Gross v. Lowder Realty Better Homes and Gardens*, 494 So.2d 590, 597 (Ala. 1986).  .  "Alabama has followed the general rule which is that in a contract of employment 'at will,' the contract means what it says, that it is at the will of either party.  The employee can quit at will; the employer can terminate at will." *Salter v. Alfa Insurance Company,* 561 So.2d 1050, 1052 (Ala. 1990).  "By now, the rule is well settled in

2

Alabama that an employee contract at will may be terminated by either party with or without cause or justification.  This means a good reason, or wrong reason, or no reason.  (*Id*. at 1053 (quoting *Micks v. Opp Cotton Mills, Inc.,* 459 So.2d 814 (Ala. 1984); *Hinrichs v. Tranquitlaire Hospital*, 352 So.2d 1130 (Ala. 1977)0.

6.    The Alabama Court of Civil Appeals best explains why Defendant does not have a valid claim against Plaintiff.  In *Birmingham Television Corps v. DeRamus*, the Court stated:

> "it is generally held that a person who maliciously entices an employee, in the actual service of an employer, to desert and quit his service, to the injury of the employer, may be restrained by injunction where the injury is otherwise irremediable and the legal remedy insufficient to compensate the complainant. The remedy is not available where the employee has a right to leave the employment in question and violates no contract in doing so.  *Everyone has a right to offer better terms to another's employees so long as the latter is free to leave, and in inducing such an employee to quit his employment or in persuading him to enter his own employment, a third party acts within his legal rights and interferes with no contract relation in the sense here intended*.  Since the employer in such case is not injured in his legal rights, he is not entitled to injunction to restrain the third person.

502 So.2d 761, 765 (Ala. Civ. App. Ct. 1986) (*Emphasis in original*).

7.    "The tort of intentional interferes with the contract or relations in a context to induce the employee to leave a competitor requires an enforceable contract of an employment an absence of justification for interference in such contract and evidence of injury.  *Id*.  It is unreasonable to restrict such an employee to his current employer when he could do better elsewhere, especially when that

employee could be discharged at will and without recourse." *Id.*  Defendant has

suffered no damage to any of its legal rights.

8.    Defendant has failed to state any valid claim for tortious interference.

As such, Plaintiff moves that Defendant's counterclaim be dismissed.

Respectfully submitted,

/S/ Allen D. Arnold

_____

ALLEN D. ARNOLD

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, Alabama 35203
205.252.1550 – Office
205.252.1556 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2006, the foregoing was filed electronically
with the Clerk of the Court to be served by operation of the Court's electronic
filing system upon the following:

Russell C. Balch

/s/ Allen D. Arnold

_____

Of Counsel

4