### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **Jarman Gray**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. **3:06-cv-00316-WKW** |
| | ) |
| | ) |
| **Alabama Wings, LLC**, | ) |
| | ) |
| Defendant. | ) |

### RESPONSE TO PLAINTIFF'S MOTION TO
### DISMISS DEFENDANT'S COUNTERCLAIM

NOW COMES the Defendant, Alabama Wings, LLC (hereinafter "AW"), by and through its undersigned counsel, and submits this Response to Plaintiff's Motion to Dismiss Defendant's Counterclaim (Doc. #8):

1. On May 4, 2006, AW filed a Counterclaim against Plaintiff (hereinafter "Gray") alleging intentional interference with AW's business or contractual relations with its employees.

2. Gray argues that there cannot be intentional interference with business relations when the employees are employees at-will, i.e. in the absence of an employment contract. Gray cites

1

with approval the following language from *Birmingham Television Corps v. DeRamus*, 502 So. 2d 761 (Ala. Civ. App. Ct. 1986):

> "it is generally held that a person who maliciously entices an employee, in the actual service of an employer, to desert and quit his service, to the injury of the employer, may be restrained by injunction where the injury is otherwise irremediable and the legal remedy insufficient to compensate the complainant.  The remedy is not available where the employee has a right to leave the employment in question and violates no contract in doing so. *Everyone has a right to offer better terms to another's employees so long as the latter is free to leave, and in inducing such an employee to quit his employment or in persuading him to enter his own employment, a third party acts within his legal rights and interferes with no contract relation in the sense here intended.*  Since the employer in such case is not injured in his legal rights, he is not entitled to injunction to restrain the third person. *Id at 765. (Emphasis in original)*

3. In *Birmingham Television Corps* one television station hired a salesperson purportedly bound by a non-compete covenant from a competing television station.  The Court found the non-compete covenant invalid, and further found that no tortious interference occurred.

4. Gray argues that there can be no actionable interference with an at will employment relationship, based on its reading of *Birmingham Television Corps*.  However, that interpretation of *Birmingham Television Corps* is incorrect.  In *Birmingham Television Corps*, the Defendant had made a job offer to DeRamus, and the Court found that making that job offer constituted justification for the interference, and the Plaintiff therefore did not meet the "absence of justification" element of the tort of intentional interference with

2

contract or business relations.

5. However, in the case at bar, Gray did not make any job offer to AW's employees. Gray was merely an angry and frustrated employee who interfered with AW's business relationship with its other employees by attempting to stage a mass walk-out during business hours. Gray offered no alternate employment to the employees, which clearly shows an absence of justification for Gray's interference.

6. The Court in *Birmingham Television Corps* states "[w]e do not find from the evidence or from the law that there was an absence of justification for the interference"(at 765). The justification in that case was the offer of employment to another's at-will employee. But the case at bar has no such justification; Gray was not inducing AW's employees to leave AW to work for him at a competing establishment.

7. Accordingly, *Birmingham Television Corps* does not require dismissal of AW's counterclaim as a matter of law because Gray was not a competing employer offering a better job. *Birmingham Television Corps* narrowly limited its holding to the issue of whether there is "liability for inducing an employee not engaged for a definite term to move <u>to a competitor</u>." *Id* at 765 (*Emphasis added*).

8. Further, unlike the plaintiff in *Birmingham Television Corps*, AW can prove economic damages as a result of Gray's interference. Gray's actions caused 25% of AW's employees to quit during regular business hours. At trial, AW will produce records of typical sales and the sales of the days when AW was understaffed to prove damages caused by Gray, as well as the costs involved with training new employees to replace those which Gray wrongfully induced to quit. *Affidavit of Derrell Spikes*, attached hereto as Exhibit A.

## CONCLUSION

9. A careful reading of Alabama case law reveals that while companies with at-will employees may not be able to recover when their employees are hired away by competitors, this "at-will exception" does not encompass the interfering actions of other employees of the company. Because Gray was not making job offers to the AW employees, his actions were without the justification found in *Birmingham Television Corps.*

WHEREFORE, the premises considered, the Defendant prays this Honorable Court deny

Plaintiff's Motion to Dismiss Defendant's Counterclaim.

Dated: June 1, 2006                                        Respectfully submitted,


    /s/ Russell C. Balch
Russell C. Balch (BAL025)
AKRIDGE & BALCH, P.C.
Attorneys for Alabama Wings, LLC
730 N. Dean Road, Suite 300
P.O. Drawer 3738
Auburn, AL 36831-3738
(334) 887-0884
rbalch@akridgebalch.com

## CERTIFICATE OF SERVICE

The undersigned certifies that copies of the foregoing were served on the following on by the methods indicated on the date shown below:

__X__ Deposit of same in the U.S. Mail in envelopes, with prepaid first class postage affixed thereto, directed to their addresses as set forth below.

_____ Deposit of same in the mailbox(es) reserved for them in the office of the Circuit Clerk for Lee County, Alabama.

_____ Fax of same to the fax number indicated below, being the fax number furnished by said person(s) or firm(s), or listed in the current issue of the Alabama State Bar Member Directory.

__X__ Electronic mail of same to the email address indicated below, being the email address furnished by said person(s) or firm(s), or listed in the current issue of the Alabama State Bar Member Directory.

_____ Hand-delivery: ☐ Open Court  ☐ Via Courier

Date of Service: June 1, 2006

David R. Arendall, Esq.
ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, AL 35203-4108
Fax 205-252-1556
dra@arendalllaw.com

AKRIDGE & BALCH, P.C.

/s/ Russell C. Balch
Russell C. Balch
Attorney at Law