IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JARMAN GRAY,

PLAINTIFF,

V.

ALABAMA WINGS, LLC
d/b/a HOOTERS OF AUBURN,

DEFENDANT.

CIVIL ACTION NO.

3:06cv316-SRW

### REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

COMES NOW the Plaintiff, Jarman Gray, by and through his counsel of record, and submits this Reply to Defendant's Response to Plaintiff's Motion to Dismiss Defendant's counterclaim:

1. "Under Alabama law an employment contract is generally terminable at will by either party, with or without cause or justification—for a good reason, a wrong reason or no reason at all." *Wal-Mart Stores, Inc. v. Smitherman*, 872 So.2d 833, 838 (Ala. 2003). The Alabama Supreme Court has stated that three elements must be shown to establish that an employment conflict is one other than one terminable at will: (1) that there was a clear and unequivocal offer of lifetime employment or

1

employment of definite duration; (2) that the defendant had authority to bind the principals or a permanent employment contract; and (3) that the employee provided substantial consideration with a contract separate from the services to be rendered. *Hoffman-LaRoche, Inc. v. Campbell*, 512 So.2d 725, 728 (Ala. 1987). As Defendant notes, a close reading of *Birmingham Television Corp v. DeRamus* states "the tort of intentional interference with contractual relations in the context of inducing an employer to leave a competitor requires an enforceable contract of employment." 502 So.2d at 766. As noted above, there is no enforceable contract of employment as Plaintiff's original exhibit of Defendant's employment handbook states that there is no offer of lifetime employment, the Defendant does not have authority to bind the Hooter's girls to a permanent employment contract, and the employee has not provided a substantial consideration for the contract separate from the services to be rendered.

2. Defendant has created no binding promise to the Hooter's girls to justify a business relation that is actionable under the tort of intentional interference. "To become a binding promise, the language used in [defendant's] handbook must be specific enough to constitute an actual offer rather than a mere general statement of policy. However, whether a proposal is meant to be an offer for a unilateral contract is determined by the outward manifestations of the parties, rather than by communicated belief. Indeed, if the employer does not wish the policy contained in an employee

2

handbook to be construed as an offer for a unilateral contact, he is free to so state in the handbook." See *Hoffman-LaRoche, Inc.*, 512 So.2d at 734. "The Alabama Supreme Court has repeatedly upheld summary judgments from employers when an employee handbook contained a disclaimer stating that the handbook was not to be considered a contract, particularly where, as in this case, the handbook language also indicated that any listed reasons in which an employee might be dismissed for non-exclusive, or that those reasons could be changed at the discretion of the employer." *Campisi v. Scoles Cadillac, Inc.*, 611 So.2d 296, 299-300 (Ala. 1992). Defendant's handbook specifically states there is no contract of employment. (See Exhibit A of Plaintiff's Motion to Dismiss Counterclaim). Defendant wishes to argue to the Court that a contractual relationship existed; but if a former Hooter's Gil sued for breach of contract, Defendant would certainly argue the opposite position.

3. Defendant's counterclaim fails as a matter of law because there is no business relation per its own handbook. There is no contractual relationship as stated in the Defendant's counterclaim. At any time, a Hooter's Girl quits her employment with Alabama Wings, LLC, there is no cause of action created for a breach of contract for either the Hooter's Girl or Alabama Wings, L.L.C. Defendant's assertion that Plaintiff interfered with Defendant's business relations of its Hooter's Girls is without merit. Defendant's position essentially states that if any mother or father induces their

daughter to cease employment with a Hooter's restaurant, an exotic dancing club, or any place of business where being a female is bona fide occupational qualification due to sex appeal, that mother or father becomes subject to a possible tortious interference claim.

4. Defendant's counterclaim is without merit as there can be no business relation or contractual relationship because an employee at-will can terminate employment "for a good reason, a wrong reason or no reason at all." Defendant cannot pursue a claim against the employee for an enforceable contract; Plaintiff cannot interfere with a contractual or business relation that does not exist. A claim for tortious interference requires the existence of an *enforceable* contract of business relation. Defendant's own documents show that it cannot meet the recognized exceptions to an employment conflict that is not "at-will." (See Exhibit A of Plaintiff's Motion to Dismiss Counterclaim).

5. Defendant has no basis in law or fact for its counterclaim. Defendant's counterclaim is due to be dismissed as there is no enforceable contract or business relation in existence.

Respectfully submitted,

/s/ Allen D. Arnold

ALLEN D. ARNOLD

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, Alabama 35203
205.252.1550 – Office
205.252.1556 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2006, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Russell C. Balch

/s/ Allen D. Arnold
_____
Of Counsel