IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JARMAN GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:06cv316-SRW |
| | ) | (WO) |
| ALABAMA WINGS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Jarman Gray, formerly employed by defendant Alabama Wings, LLC (d/b/a Hooters of Auburn)("Hooters") as an assistant manager, brings this action alleging employment discrimination. Defendant asserts a counterclaim, alleging that plaintiff tortiously interfered with its business and contractual relationship with six "Hooter Girls," inducing them to quit their jobs during their shifts in a way which plaintiff knew would cause maximum economic damage to defendant. This action is presently before the court on Gray's motion to dismiss the counterclaim (Doc. # 8). Upon consideration of the motion, the court concludes that it is due to be denied.

**Motion to Dismiss Standard**

This court may dismiss the counterclaim under Rule 12(b)(6) only if it appears beyond a doubt that Hooters can prove no set of facts in support of the claim which would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and

construe the facts in a light most favorable to the non-moving party." Dacosta v. Nwachukwa, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998)).

### Tortious Interference

The elements of a claim of intentional interference with business or contractual relations are: "(1) the existence of a contract or business relation; (2) the defendant's knowledge of the contract or business relation; (3) intentional interference by the defendant with the contract or business relation; and (4) damage to the plaintiff as a result of the defendant's interference." Century 21 Academy Realty, Inc. v. Breland, 571 So.2d 296, 297 (Ala. 1990).[1]  A plaintiff asserting such a claim must also establish that the defendant is a "stranger" to the contract or business relationship – *i.e.*, that it has no "'beneficial or economic interest in, or control over, that relationship.'" Tom's Foods, Inc. v. Carn, 896 So.2d 443, 453-54 (Ala. 2004)(quoting Parsons v. Aaron, 849 So.2d 932 (Ala. 2002) and Waddell & Reed, Inc. v. United Investors Life Ins. Co., 875 So.2d 1143 (Ala. 2003)).

In its counterclaim, Hooters alleges that: (1) it "had a valid business or contractual

---

[1] Many Alabama cases list the "absence of justification for the defendant's interference" as an element of the claim. However, the Breland court makes clear that justification for the interference is an affirmative defense and not an element of the claim to be established by the plaintiff. Breland, *supra*, 571 So.2d at 297-98 ("We note that in the past we have listed an absence of justification for the defendant's interference as one of the elements of the plaintiff's cause of action; however, we recognize today that it is illogical to continue to list an absence of justification as one of the elements of the plaintiff's cause of action and then to place the burden on the defendant to disprove it."); see also The Soap Company v. Ecolab, Inc., 646 So.2d 1366, 1371 (Ala. 1994)("[T]he fourth element of tortious interference with business relations, the absence of justification for the interference, really relates to an affirmative defense to be pleaded and proved by the defendant, namely, the defense of justification.").

relationship with each of its employees, including the Hooter Girls" (Counterclaim, ¶ 3); (2) that "Gray had actual or constructive knowledge of the importance of [Hooters'] business or contractual relationship with each of its Hooter Girls" (Counterclaim, ¶ 5); (3) that Gray made intentional misrepresentations to the Hooter Girls to induce them to quit their jobs and did so with "malice, spite and wantonness with the intent to wrongfully cause damage to [Hooters], and without any justification" (Counterclaim, ¶¶ 10, 11, 14); and (4) that Hooters suffered economic injury and damage as a result of Gray's intentional interference (Counterclaim, ¶¶ 12-13).

Gray argues that the counterclaim is due to be dismissed because the Hooter Girls are at-will employees and, thus, Hooters cannot maintain a claim based on Gray's interference with the relationship between Hooters and the Hooter Girls. However, this action is before the court on a Rule 12(b)(6) motion to dismiss. The Hooters Employee Handbook excerpt attached to the motion to dismiss is not central to the counterclaim, nor is it incorporated by reference into the counterclaim. Thus, the court does not consider it on the present motion. See Day v. Taylor, 400 F.3d 1272 (11th Cir. 2005).[2,3] The counterclaim alleges the existence

---

[2] Additionally, even if it were considered, the handbook excerpt does not establish that all of the Hooter Girls at issue were at-will employees. The handbook expressly states that employees' at-will status can be changed by written agreement. The counterclaim does not indicate, on its face, that the six Hooter Girls were all at-will employees. Even if it did, the court does not read Birmingham Television Corp. v. DeRamus, 502 So.2d 761 (Ala. Civ. App. 1986), cited by Gray, to preclude all intentional interference claims based on at-will employment relationships. Rather, the Birmingham Television court appears to apply a "competitor's privilege" as set forth in Restatement (Second) of Torts § 768, later adopted by the Alabama Supreme Court in the case of The Soap Company v. Ecolab, Inc., 646 So.2d 1366 (Ala. 1994). See Comment i to § 768.

[3] The court also does not consider the affidavit submitted with Hooters' response to the motion to dismiss. The court has not converted the motion to dismiss into a motion for summary judgment pursuant

of all of the required elements of a claim for tortious interference. The court cannot conclude that Hooters can prove no set of facts in support of its claim which would entitle it to relief.

## Conclusion

For the foregoing reasons, it is

ORDERED that the motion to dismiss filed by plaintiff/counterclaim defendant Gray (Doc. # 8) is DENIED.

DONE, this 7th day of December, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

to the last sentence of Rule 12(b)(6) because even on summary judgment, Gray would not be entitled to prevail for the reasons set forth in n. 1, *supra*.