EXHIBIT A

TO

PLAINTIFF'S MOTION TO

ENFORCE SETTLEMENT AGREEMENT

## SETTLEMENT AGREEMENT, GENERAL RELEASE AND WAIVER

THIS SETTLEMENT AGREEMENT, GENERAL RELEASE AND WAIVER (hereinafter "Agreement") is made and entered into by and between Jarman Gray (hereinafter "Gray") and Alabama Wings, LLC d/b/a Hooters of Auburn (hereinafter "Alabama Wings, LLC").

WITNESSETH:

WHEREAS, Gray was formerly employed by Alabama Wings, LLC; and

WHEREAS, the parties desire to settle fully and finally all differences, between them.

NOW, THEREFORE, in consideration of the premises and mutual promises contained herein and other good and valuable consideration, the sufficiency of which is hereby acknowledged, it is agreed as follows:

1. The parties agree that Alabama Wings, LLC will pay and cause to be delivered to Arendall Law Firm, Inc. (47-0868327), a total amount of $15,600 (Fifteen Thousand Six Hundred and No/100). This payment and other consideration shall represent the full, final and complete settlement of Gray's claims, including, but not limited to, any claims for back pay, compensatory damages, punitive damages, liquidated damages, attorneys' fees, interest, expenses and costs which Gray and/or his attorneys may have incurred in connection with the herein described lawsuit. The parties agree, and Gray specifically acknowledges, that he has no claim for back wages, and that the full amounts of the payments are allocated as payment for compensatory damages. Gray will be responsible for paying all legally required taxes applicable to said payments. Gray agrees that the payment may be made in three installments as follows: (1) The first payment of $5,226.00 shall be delivered to the office of counsel for Gray on or before December 2, 2006. (2) The second payment of $5,252.00 shall be delivered to the office of counsel for Gray on or before January 2, 2007. (3) The third and final payment of $5,278.00 shall be delivered to the office of counsel for Gray on or

before February 2, 2007. An owner/stockholder of Alabama Wings, LLC shall personally guarantee payments set forth herein to Gray (Exhibit "A"). If any of the installments are not received by counsel for Gray on or before the due date, or within a seven day grace period of the due date, Alabama Wings, LLC shall pay Gray a penalty of 10% of the late installment. If Alabama Wings, LLC default on the payments, Gray shall have the right to reinstate the action by March 1, 2007, and seek an award of fees and costs from Alabama Wings, LLC for the time and expenses incurred in seeking reinstatement of the case.

2. This Agreement is not and shall not in any way be construed as an admission by Alabama Wings, LLC or any of its respective directors, officers, agents, attorneys, employees or representatives, or any of the Releasees, as defined below, of any unlawful, negligent, or wrongful acts whatsoever pertaining to the employment of Gray or that Gray or any Releasee, as defined below, violated any federal, state or local constitution, law, regulation, or standard, but constitutes the good faith settlement of all disputes that have arisen, could have arisen or may arise between Gray and Alabama Wings, LLC, or between Gray and any Releasee, as defined herein, based on any act or omission occurring prior to the date of the execution of this Agreement. The parties have entered into this Agreement for the sole purpose of resolving any and all matters between Gray and Alabama Wings, LLC and to avoid the burden, expense, delay and uncertainties of litigation. Gray is due nothing from Alabama Wings, LLC except as set forth herein.

3. In consideration of the mutual covenants contained herein, each party hereby irrevocably and unconditionally releases and forever discharges the other party, and its affiliated and associated companies and successors, and each of its respective (past and present) owners, stockholders, agents, directors, officers, employees, representatives, insurers, guarantors, indemnitors, attorneys, divisions, subsidiaries, and their respective predecessors, successors, heirs,

executors, administrators and assigns, and all persons acting by, through, under or in concert with any of them (collectively "Releasees") of and from any and all actions, causes of action, grievances, suits, charges, complaints, or claims which they may have against the other party, now has, or could have had in the future and each parties heirs, assigns, delegates, executors and administrators hereafter may have, particularly, against each other, from the beginning of time to the date of this Agreement, before any federal, state, local, or private court, agency, arbitrator or other entity, whether for race discrimination, or any other relief or remedy, whether arising at equity or law or in contract, negligence, strict liability or otherwise. Without limiting the generality of the foregoing terms, this Release specifically includes the release of any and all claims or liability against each other arising out of Gray's employment with Alabama Wings, LLC, as of the date this Agreement is signed, including, but not limited to, any claims under the Fair Labor Standards Act, as amended, and any claims under any other federal, state or local enactment, or rule of law or equity, including claims based on principles of contract, and tort law.

4. Gray further agrees, promises and covenants that subject to paragraph 3 above, neither Gray, nor any person, organization or any other entity acting on Gray's behalf will file, charge, claim, sue or cause or permit to be filed, charged or claimed, any action for damages or other relief against any Releasees involving any matter pertaining to Gray's employment with any Releasee which occurred in the past up to the date of this Agreement or involving any continuing effects of actions or practices which arose prior to the date of this Agreement, or involving and based upon any matter between Gray and Alabama Wings, LLC which occurred prior to this date.

5. Gray represents that they understand this is a "Goodbye Forever" agreement and further agrees and recognizes that as a result of their decision to end their employment, their employment

relationship with Alabama Wings, LLC, its parents, subsidiaries, divisions, affiliates, successors and other parties listed in paragraph 3 has been permanently and irrevocably severed, that Gray will not apply for or otherwise seek employment with Alabama Wings, LLC, its parents, subsidiaries, divisions, affiliates, successors and the other parties listed in paragraph 3 at any time, and that neither Alabama Wings, LLC nor any of those other parties have any obligation, contractual or otherwise, to hire, employ, or consider their for employment in the future.

6. Gray represents and certifies that they have carefully read and fully understands all of the provisions and effects of this Agreement, that Gray are voluntarily entering into this Agreement, that neither Alabama Wings, LLC nor its respective agents, representatives or attorneys have made any representations concerning the terms or effects of this Agreement other than those contained herein, that Gray are acting upon their own best judgment, belief and knowledge of the nature and validity of any claims or potential claims and is acting with the advice of legal counsel chosen by them.

7. Gray have represented to Alabama Wings, LLC that they have access to accountants or tax counselors and that they will be responsible for reporting and paying any and all applicable federal state and local taxes, if any, due on the said payment of monies from Alabama Wings, LLC. Furthermore, Gray agree that if any federal, state or local agency determines that any applicable tax should have been withheld from payment by Alabama Wings, LLC, Gray will be responsible for any penalties or payments assessed to Alabama Wings, LLC as a result thereof and will hold Alabama Wings, LLC harmless regarding any such penalties or payments.

8. Gray expressly acknowledges that subject to the paragraphs above, this Agreement is intended to include in its effect, without limitation, all claims which have arisen and or which Gray

knows, should have known, had reason to know or suspects to exist in Gray's favor at the time of execution hereof, and that this Agreement contemplates the extinguishment of any such claims.

9. Each party covenants and agrees that they will keep the terms and amounts set forth in this Agreement and the facts and circumstances surrounding the Agreement, including its negotiation, completely confidential, and that they will not hereafter disclose any information concerning this Agreement to any person other than their attorney(s) and accountants, unless they are required to do so by a duly issued subpoena, court order or as otherwise may be required by law. Gray may disclose that this matter was resolved to the parties' mutual satisfaction. Further, the parties acknowledge that there were no findings of fact ever entered in this matter concerning the substance of his claims.

10. Alabama Wings, LLC agrees to provide a neutral reference to any potential employer contacting them regarding potential employment for Gray.

11. This Agreement is made and entered into in the State of Alabama, and shall in all respects be interpreted, enforced and governed under the laws of said State. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning. This Agreement is the product of a negotiated settlement and has been reviewed by attorneys for all parties. As such, in the event that a term or provision herein shall be deemed to be ambiguous, that term or provision shall not be strictly and arbitrarily construed in favor of or against any one of the parties.

12. The parties agree that this Agreement represents the entire agreement between the parties setting forth any and all obligation(s) on the part of Alabama Wings, LLC in favor of Gray, and that any future dispute which hereinafter arises with respect to Gray's employment with Alabama

5

Wings, LLC or the terms of this Agreement shall be resolved solely in accordance with the terms and provisions of this Agreement. Gray acknowledges that this Agreement is not an admission of any wrongdoing by him or by Alabama Wings, LLC.

13. If any provision of this Agreement, with the exception of paragraph three or the application thereof, is held invalid, the invalidity shall not affect other provisions or applications of this Agreement which can be given effect without the invalid provisions or applications, and to this end the provisions of this Agreement are declared to be severable. If Gray takes any action to declare paragraph three invalid, and it is declared invalid, the entire purpose of this Agreement shall be deemed frustrated and Gray shall return the monies paid hereunder to Alabama Wings, LLC.

14. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any and all prior agreements or understandings between the parties hereto pertaining to the subject matter hereof.

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

IN WITNESS WHEREOF, and intending to be legally bound hereby, Gray has executed the foregoing Agreement.

Executed at Birmingham, Alabama, this the ___ day of _December_____, 2006.

_____
Jarman Gray

_____
By: Alabama Wings, LLC d/b/a Hooters of Auburn
Its: _Owner Rep_

Date: 12-6-06

6